# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERMILIO RODRIGUEZ MORALES, | Case No. CV 13-1985 DSF (MRW) |
| Petitioner, | ORDER DISMISSING ACTION |
| vs. | |
| WARDEN, | |
| Respondent. | |

    The Court vacates the reference to the magistrate judge and dismisses petitioner's defective action.

    Ermilio Rodriguez Morales, an inmate at High Desert State Prison, recently filed a motion requesting a 30-day extension to file a habeas corpus petition. He does not have an active case on file in this district. Indeed, his filing is apparently an attempt to extend the deadline to file a future petition challenging his state court criminal conviction.

    According to the motion, the California Supreme Court affirmed petitioner's criminal conviction in June 2012. He states that his appellate attorney "has given [him] the proper steps to file"; however, it is not clear what his crimes of conviction were or what constitutional error he wishes to assert on habeas review. Petitioner has not filed an actual habeas petition, nor has he filed any other

materials in connection with his case. Therefore, he has failed to comply with the Rules Governing Section 2254 Cases in the United States District Courts. Rule 2(d) expressly requires that a state prisoner commence a habeas action by using a standard form prepared by the Court. In our district, prisoners must complete Form CV-69. That form provides the Court with basic information about the petitioner, his conviction, the prior status of his case in state and federal court, and, most importantly, the federal constitutional claims he wishes to pursue here.

A state prisoner must begin his case by filing a petition for a writ of habeas corpus. Petitioner's request for an extension to file his federal habeas petition – in the absence of a properly filed petition – is inadequate and premature. If he files an action after the statutory deadline, petitioner may be entitled to request equitable tolling.[1]

Therefore, this action is DISMISSED without prejudice. For petitioner's convenience, the Clerk is directed to send him a blank Form CV-69 with a copy of this Order.

IT IS SO ORDERED.

DATED: April 1, 2013

_____
HON. DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

---

[1] The Court observes that a state prisoner generally has a one-year period after a conviction becomes final to commence an action for federal habeas review. 28 U.S.C. § 2244. In California, when a prisoner does not seek certiorari review of a conviction in the U.S. Supreme Court, a prisoner's conviction generally becomes final 90 days after the state supreme court denies a petition for review. Shannon v. Newland, 410 F.3d 1083, 1086 (9th Cir. 2005).